United States District Court
Southern District of Texas

**ENTERED**

March 29, 2024

Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UMB BANK, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS LEGAL TITLE TRUSTEE OF PRL TITLE TRUST I,** | § § § § § | |
| **Plaintiff,** | § § | **Civil Action No. 4:23-cv-01029** |
| **v.** | § § | |
| **ALLEN LANE, DEANNA LANE A/K/A DEANNA LANE-SCOTT, and REGINA LANE A/K/A REGINA SCOTT** | § § § § | |
| **Defendants.** | § | |

### FINAL DEFAULT JUDGMENT

Came on to be considered the above-entitled and numbered cause wherein UMB Bank, National Association, not in its Individual Capacity, but Solely as Legal Title Trustee of PRL Title Trust I ("Plaintiff") is the Plaintiff and Allen Lane, Deanna Lane a/k/a Denna Lane-Scott, and Regina Lane a/k/a Regina Scott are the Defendants ("Defendants"). Defendants, although having been duly and legally summoned to appear and answer, failed to appear and answer, and wholly made default on Plaintiff's claims against them.

### I.

Plaintiff's Original Complaint ("Complaint") was served upon Defendants according to law and returned to the Clerk where it remained on file for the time required by law. The Court has read the pleadings and the papers on file and is of the opinion that the allegations of Plaintiff's Complaint have been admitted by Defendants. The Court further finds that Plaintiff does not seek monetary damages against Defendants, but instead seeks certain declarations and a judgment allowing foreclosure of the real property which is the subject of this action. Therefore,

In light of Defendants' default and the nature of Plaintiff's claims against them, the Court orders as follows:

It is **ORDERED, ADJUDGED, AND DECREED** that the material allegations of the Original Complaint be and are deemed admitted as to Defendants.  It is further,

**ORDERED, ADJUDGED AND DECREED** that an event of default has occurred on that certain *Loan Agreement* dated March 27, 2006, in the original principal amount of $142,562.00 ("Note"), bearing interest at the rate of 9.740% per annum, originally payable to Beneficial Texas Inc. as lender on a loan secured by the Property, and executed by Decedent Virginia Banks a/k/a Virginia Lane ("Borrower"). It is further,

**ORDERED, ADJUDGED AND DECREED** that certain *Mortgage Home Equity - (First Lien)* dated March 27, 2006, ("Security Instrument" and together with the Note, "Loan Agreement"), recorded in the official public records of Harris County, Texas, under instrument number Z194637 provides that Plaintiff as the current owner of the Note and mortgagee of the Deed of Trust, in the event of a default on the obligations on the Note, with a lien security interest on that certain real property commonly 5766 Overdale, Houston, Texas 77033, and more particularly described as follows:

> LOT FOURTEEN (14), BLOCK EIGHTEEN (18), OF EDGEWOOD TERRACE, SECTION FOUR (4), AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 56, PAGE 70 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.
> (the "Property").

It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff is the current legal owner and holder of the Note and beneficiary of the Deed of Trust. Plaintiff is also a mortgagee as that as that term is defined in section 51.0001(4) of the Texas Property Code.  It is further,

**ORDERED, ADJUDGED AND DECREED** that the following are secured by the Deed of Trust on the Property: the outstanding balance of the Note, including attorney's fees; pre-judgment interest at the Note interest rate of 9.740%; post-judgment interest at the Note interest rate of 9.740%; and costs of court. It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff or its successors or assigns, may proceed with non-judicial foreclosure of Defendants' interests in the Property as provided in the Deed of Trust and section 51.002 of the Texas Property Code. It is further,

**ORDERED, ADJUDGED, AND DECREED** that, should Plaintiff proceed with non-judicial foreclosure on the Property then, the purchaser at the foreclosure sale will be vested with all of Defendants' interest, rights, and title in the Property. It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff may further communicate with Defendants, and all third parties reasonably necessary to conduct the foreclosure sale. It is further,

**ORDERED, ADJUDGED AND DECREED** that all costs are to be taxed against Defendants as a further obligation of the debt, and not as a personal judgment against Defendants. It is further,

**ORDERED, ADJUDGED AND DECREED** that this is a final judgment that fully and finally resolves all claims between Plaintiff and Defendants. All relief requested and not herein granted is denied.

Signed this _29TH_ day of _March_, 2024.

**EWING WERLEIN, JR.**
**UNITED STATES DISTRICT JUDGE**

Page 3